IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-02580-WYD-BNB

THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA,
a Pennsylvania corporation,

    Plaintiff,

v.

THE HANOVER INSURANCE COMPANY, a New Hampshire corporation,

    Defendant.

---

**ORDER**

---

I.    INTRODUCTION AND BACKGROUND

THIS MATTER is before me on Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (ECF No. 13).  For reasons stated below, I find that the motion should be granted and the complaint dismissed without prejudice.

This is a case grounded in diversity jurisdiction between two insurance companies involving a coverage dispute.   Underlying the coverage dispute is a personal injury to Alice Mishler, who was a guest at Plaintiff's insured's hotel, the Renaissance Denver Hotel ("Hotel").  On October 24, 2012, Mishler had just checked out of the Hotel and was waiting in her wheelchair to be transported to the airport by a shuttle van service.  This service was available to Hotel guests pursuant to a Ground Transportation Service Agreement between Plaintiff's and Defendant's insureds.  (Compl. ¶ 7).  A Hotel employee wheeled Mishler next to the Defendant's insured's

shuttle van to speak with the driver about transporting Mishler to the airport.  (Compl. ¶ 8).  Mishler's wheelchair rolled forward and struck the shuttle van, severely injuring Mishler's leg.  (Compl. ¶¶ 9-10).

On March 6, 2013, Plaintiff tendered the defense and indemnification of its insureds to Defendant under Defendant's policy alleging that Mishler's injuries were caused by the use of the shuttle van.  (Compl. ¶ 11).  On March 19, 2013, Defendant rejected Plaintiff's tender.  On April 24, 2013, Defendant again rejected Plaintiff's tender for defense and indemnity of its insureds under the Defendant's policy.  Thereafter, on September 20, 2013, Plaintiff filed the complaint in this case seeking a declaratory judgment that (a) the Hotel and its employee are Insureds under the Defendant's Policy; (b) Mishler's injuries resulted from the Hotel's "use" of the shuttle van; and/or (c) Defendant's policy provides primary coverage to the Hotel and its employee for the damages allegedly sustained by Mishler and the Plaintiff's policy provides coverage excess to the Defendant's policy.  Importantly, Mishler has not yet filed a lawsuit related to the accident.

In the pending motion to dismiss, Defendant asserts that there is no ripe case or controversy between the parties, thus the Court lacks jurisdiction to decide this matter.  Defendant first asserts that the insurance policies in this coverage action only apply to a "suit," and here, there is no "suit."  (ECF No. 22 at 1).  Further, "any judgment would be an advisory opinion with regard to the parties' potential obligations that may arise should Mishler file suit. ... Indeed, there is no certainty Mishler will **ever** file suit."  (ECF No. 22 at 2) (emphasis in original).  Simply put, Plaintiff seeks a determination of which

insurer is responsible for nonexistent defense costs and indemnification for a verdict that may never occur.

II.     ANALYSIS

Here, this declaratory judgment action is based on diversity jurisdiction, thus, "federal law will be applied and will control whether or not the court can render a declaratory judgment, [but] state law is to be applied to the underlying substantive issues. *See United Fire & Casualty Co. v. Contractor Hearting, Inc.*, No. 08-cv-00328-LTB-CBS, 2008 WL 2572124, *3 (D. Colo. June 24, 2008) (holding that the declaratory judgment action is premature and not based on a present and actual controversy).

The Federal Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, which or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III of the United States Constitution." *Columbian Fin. Corp. v. BancInsure, Inc.*, 650 F.3d 1372, 1376 (10th Cir. 2011) (internal quotations and citations omitted). The Tenth Circuit has cautioned that "Article III has long been interpreted as forbidding federal courts from rendering advisory opinions." *Id.* "It is not the role of federal courts to resolve abstract issues of law. Rather, they are to review disputes arising out of specific acts when the resolution of the dispute will have practical consequences to the conduct of the parties." *Id.*

In determining whether a declaratory judgment action satisfies the case or

controversy requirement, the Supreme Court clarified that the question courts must ask is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007). "Declaratory judgment actions often require courts to face the difficult task of distinguishing between actual controversies and attempts to obtain advisory opinions on the basis of hypothetical controversies." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1111 n. 12 (10th Cir. 2010) (internal quotations and citations omitted).

Here, I find that this dispute as to which insurer must provide coverage to defend a nonexistent lawsuit to be premature. It would be impossible for me to determine which insurance policy provides coverage or a duty to defend against any and all potential claims because the facts arising out the accident cannot be ascertained, the parties are unknown, and there currently is no suit or "substantial controversy." *See MedImmune*, 549 U.S at 127. Rather than presenting a currently justiciable issue or an existing legal controversy, this matter clearly seeks "redress related to the mere possibility of a future claim." *See Contractor Hearting, Inc.*, 2008 WL 2572124, *3. Moreover, I find that this matter fails to satisfy the "sufficient immediacy and reality" requirement warranting the issuance of a declaratory judgment. *See* 28 U.S.C. § 2201(a).

Although Plaintiff argues that an underlying lawsuit is not required for a declaratory judgment action, Plaintiff relies on nonbinding cases involving disputes

between an insured and an insurer.  Distinguishable to those cited cases, here, the dispute involves two insurers.  Plaintiff has failed to provide me with binding or persuasive authority involving a case in which an insurer seeks declaratory relief for the determination of its obligations before any underlying complaint has been filed.  In fact, in a similar matter before this Court, District Judge Babcock dismissed a complaint concluding that "without a pending action related to the accident, there is no legal or factual basis for this Court to make a final determination that the policy does or does not provide coverage for any potential claims or ... a duty to defend on any such speculative claims."  *See Contractor Hearting, Inc.*, 2008 WL 2572124, *3.

Noting that Colorado law provides that an insurer's duty to defend arises solely from the complaint in the underlying action,  Judge Babcock found that "[t]he lack of an underlying complaint in this case—and specific knowledge of the possible claims alleged in relation to the accident—is fatal to my ability to render a decision on the issue." *Id.*, *4.  For the same reasons noted by Judge Babcock, here, I am unable to look at the underlying complaint to determine whether a duty to defend exists or adequately assess the competing coverage issues when any and all potential claims are hypothetical.

Finally, under both Federal and Colorado law, I may exercise my discretion in determining whether to entertain a justiciable declaratory judgment.  *Kunkel v. Continental Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989).  Should I allow this indefinite and ambiguous case to proceed, I would be forced to issue an impermissible advisory opinion.  Therefore, I decline to exercise jurisdiction over this premature

declaratory judgment action, which is not based on a present and actual controversy. Accordingly, Defendant's motion to dismiss is granted.

III.     CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (ECF No. 13) is **GRANTED.**  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  It is

FURTHER ORDERED that in light of my rulings in this Order, **the hearing set for May 14, 2014 is VACATED**.

Dated:  April 18, 2014

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE